LEGAL ARGUMENT
MEMORANdUm

FILED

JUL 31 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

0 6 - 4 6 8

THE PURPOSE FOR GRANTING this Petition FOR RELIEF
IS Because of the Fact the TRial Court ERRED
AS A Matter OF Law When It DENIED MY
Motion FOR JudGement OF ACquittal ON ASSa
ULt In A DETENtion FaCiLiTY ALLEGED IN
Count (I.) of the Dictment as the State
FaiLED to Present Sufficient EVidance that
I STRUCK C/o Shannon With Bodily FLuiD. (see
IN RE WinShiP 397 U.S. 358 364 1970.) the
Nation ImPortance of having this Court D
ECide the Question Involved IS Because IF
the Lower Court had Not Been SO ERRONEOUS
the RESaults of the JudGement BY the
TRial Court would had Been Diffrent the
Lack of Guidance FROM the Court on
these Issues was that State FaileD to P
Rove every ELEment of SuFFicent EVi-
dance That DEFENdant "I" STRuck C/o
Shannon with Bodily FLuiD, IN Both of
The officers Testimony They Stated: th
AY Never SAW who threw the FECies
Nor were ANY of the 3[*] officers Able
to POSitiveLY INDENtifv What Container
was USED to "Lunch" the FLuiD that
May Such Claim (SEE A-14, A-7.)      1.

, X/Ail Stevens Claim In his Testimony That It Was A Penut Butter Jug (see A-14, A-7.) 2.) In Shannon Testimony he Claims It Was A Small Penut Butter Cup That Was Recived at Lunch-time Thats Givin to the Inmates (see A-7.) Then 3.) In David P-hillips Testimony he Claims It was A Milk Carton That Was at the Incident Seen. But Agian Still Theres Not Any Sufficent Evidence to Conclive that there was Ever A Such Thang Of somewhat to Support Such Claim ( see Whitfield v. State Del. Supr. Ct. 524 2d 13 16.) And St s. Ct. Rule 901.) But since Inmate Guinn Was the Only One In the Yard, he Was Presumed to BE The one Responsibl. If the State And Trial Court had Prop-erly Examined The State(s) Exhibit Photos with the Feces on the Door(s) And Walls Durn Trial, That Would had Seen It Could have Eazly Been From Janother L-ocation By the Opening on the Cell Doors. Example! Durn Clo Shannon M. Te-stimony on Examination he Stated the-Re Were Little Vent holes at the Bottom Of the Doors But Nothing to Reac Nout And Grab Anything. It's Clearlt Without Merit. Durn his Testimony Ise

Louise the Lower part of the Doors is About 4 or 5 Inchs on Bothsides of the Doors Where you can eazly stick your hand out AND possibley threw ANYthing of that shepe or sizeout (see states Exhibit of fecies on the wall AND.) It could have eazly been ANYbody that struck C/o shennion, from the Backside of his head, or Back side side ANYwhere, including right side. off icer Shennion wrote IN his Incident Repor AND testimony at trial that Guinn threa liguid at inmate hill Aftner he had ex changed some words with hem. In he Thought they was heving a conversation or whatever, AND as he was walking he was struck with fecies, Bett IN his testimony C/o Shennion or Neil S. Newerd stated that the conversation that they was hevin was a verble threating ar gument nor ANYthing of that Nature that sounded like they both had ANY Beef. IN foct Durn Both had Testified they had never had ANY problems with In mate MR. Guinn ( See Appendix A-14, 17.) AND that they was Not the intented Target Both belived Inmate hill was Tar get. (See Appendix A-14, 17.) Further they were both New to the Tair so they could Not Testify as to whether there

was ANY Bad Blood Between them two.
(SEE A-10, 14, 9,) also SEE Booker V. State
929 S.W. 2d 57 (TX, APP-BEALIMONA - 1996.)
CorPenter, 570 A.2d at 206 the State Failed
to Prove every element of Count (I,) ASSAULT
IN A Detention Facility - beYOND Reason
able Dubt. Because of the State Failure
the Trial Court should have GRanted Guinns
motion for Judgement of AC quittal Because
IF I was Granted on my Judgement of
AC quittal the outcome out my Conviction
AND Sentencin might would have Been
Diffrent Because The Lack of Sufficent
Lviclence That I Struck officer with Bodiy
FLuiD. also (SEE Colorado V. Petterson,
532 P. 2d 342 345 (Colo. 1975,) also
Such above this Petition Should BE

GRanted RELIEF.

## CONCLUSION

FOR THE REASONS AND UPON THE AUTHORITIES CITED HEREIN, THE UNDERSIGNED RESPECTFULLY SUBMITS THAT THE DEFENDANT'S CONVICTIONS AND SENTENCE MUST BE REVERSED.

Respectfully Submitted,

Tyrone Guinac  SBI: 325731
Movant

IN THE SUPREME COURT OF THE STATE OF DELAWARE



TYRONE GUINN,                          )
                                       ) No. 313, 2005
        Defendant Below,               )
        Appellant,                     ) Court Below: Superior Court
                                       ) of the State of Delaware in
v.                                     ) and for New Castle County
                                       )
STATE OF DELAWARE,                     ) Cr. A. No. IN0411148
                                       ) ID #0411013992
        Plaintiff Below,               )
        Appellee.                      )

                    Submitted: December 21, 2005
                    Decided: February 28, 2006

Before **STEELE**, Chief Justice, **BERGER** and **JACOBS**, Justices

### *O R D E R*

This 28th day of February, 2006, upon consideration of the briefs on appeal
and the record below, it appears to the Court that:

(1)    In May, 2005, a Superior Court judge denied defendant-appellant
Tyrone Guinn's motion for a judgment of acquittal on three counts of Assault in a
Detention Facility. The jury returned a guilty verdict on the first assault count and
a not guilty on the third count. The trial judge entered a not guilty verdict on the
second count. Guinn now appeals his conviction on the first count, claiming that
the trial judge erroneously denied his motion for a judgment of acquittal on that
count because the State did not present sufficient evidence that he intended to
assault Correctional Officer Malcolm Shannon. Because the evidence did create a

*A-1*

triable issue of fact regarding Guinn's intent, the trial judge properly denied Guinn's motion. Accordingly, the judgment of the Superior Court is AFFIRMED.

(2)    On June 30, 2004, Correctional Officers Malcolm Shannon and Neil Stevens brought Guinn, an inmate in the maximum security unit of the Delaware Correctional Center, to a small, caged exercise yard. The officers then escorted Ernest Hill, another inmate, to the shower. As the officers and Hill passed the exercise yard on the way to the shower, Guinn and Hill had a brief conversation. Immediately thereafter, Shannon was hit in the side of the head by fluid composed of urine and feces. Although neither officer saw Guinn throw the fluid, he was the only person present in the yard, and Stevens saw Guinn holding a small container. Guinn was charged with assault in a detention facility for striking Shannon with the bodily fluid. After a trial in the Superior Court for New Castle Count, a jury convicted Guinn of that charge. [1]

(3)    The jury convicted Guinn of a violation of 11 *Del. C.* §1254(c), which provides that "[a]ny person who, being confined in a detention facility, intentionally strikes with urine, feces or other bodily fluid a correctional officer...shall be guilty of a class D felony." Although the fluid struck Shannon,

---

[1]     The indictment also charged Guinn with one count of assault against Stevens for hitting him with a small amount of fluid (Count II) and another count of assault for struggling with Stevens while handcuffed (Count III). The jury found Guinn not guilty of Count III, but was "hung" as to Count II. Without objection from the State, the trial judge entered a not guilty verdict on Count II.

$A$- 2

Guinn argues that the State failed to present sufficient evidence to prove that he intended to strike Shannon. Where a defendant argues that the evidence is insufficient to support the verdict against him, we inquire whether, after reviewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the State, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2]

(4)    Guinn argues that the State failed to present sufficient evidence to meet the burden on the question of intent because: (i) the State's witnesses (the officers) testified that they thought Guinn had aimed at Hill because neither Shannon nor Stevens had any previous problems with Guinn; (ii) neither officer personally saw Guinn throw the fluid, precluding them from testifying about whether he threw it aimlessly or directly at a certain target; (iii) a jury cannot infer intent from mere proximity; and, (iv) the "inconsistent" jury verdict (finding Guinn guilty of assaulting Shannon, but being unable to reach a conclusion with respect to Stevens) demonstrated the jury's confusion about how to apply the State's allegedly insufficient evidence to the *mens rea* element of intent.[3]

---

[2]    *Dixon v. State*, 567 A.2d 854, 857 (Del. 1989).

[3]    The "inconsistent" jury verdict may very well have demonstrated the jury's weighing of the facts in the case or might have been a result of jury lenity. While Shannon testified that he was "covered all over the side of my face and my hair and on my clothes" with urine and feces, Stevens testified that he had "a little bit on my right pant."

$A - 3$

(5)    Guinn's arguments lack merit. In determining whether a defendant had the requisite intent to commit a crime, a jury may infer that a person intends the natural and probable consequences of his actions.[4] The trial judge found that there was sufficient evidence from which the jury could infer Guinn's intent to strike the officers, and left the matter for the jury to decide. The record supports that conclusion.

(6)    Guinn threw a container of bodily fluid at three men in close proximity, two of whom were correctional officers. Most of the fluid hit Shannon in the head. Whether Guinn primarily intended to hit Shannon, Hill, or both, is a question of fact that the trial judge properly allowed the jury to decide. Certainly under these circumstances, a rational trier of fact could conclude that the natural and probable consequence of throwing feces and urine in the direction of three people (two of whom were corrections officers) in close proximity would be that any one or all of them would be struck, including Shannon. Because the State presented sufficient evidence from which a jury could infer intent, the Superior Court properly denied Guinn's motion for a judgment of acquittal.

---

[4]    *See* 11 *Del. C.* § 306(c)(1) ("...A person is presumed to intend the natural and probable consequences of the person's act."); *see also Plass v. State*, 457 A.2d 362, 365 (Del. 1983). Although Guinn argues that a jury cannot find intent based on proximity or from testimony that the officers believed Guinn intended to aim at Hill, Guinn fails to cite any Delaware case law to support his proposition. Delaware, by statute, allows a jury to infer intent to commit a crime from the surrounding circumstances.

$A-$ 4

NOW, THEREFORE, IT IS ORDERED, that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:

Chief Justice

$A - 5$

IN THE SUPREME COURT OF THE STATE OF DELAWARE

313 , 2005

N. M. WALKER

TYRONE L. GUINN,
    Defendant Below,
    Appellant,

v.

$0\ 6\ -\ 4\ 6\ 8\ -$

T. J. DONOVAN

STATE OF DELAWARE,
    Plaintiff Below,
    Appellee.

**FILED**

**JUL 31 2006**

DF $ 00.00

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2005

| | | | |
|---|---|---|---|
| 1 | Jul | 13 | Notice of appeal from the convictions and sentence imposed on 07/01/05 in the Superior Court in and for New Castle County, by Judge Johnston, in Cr. A. No. IN04111482, I.D. #0411013992, with designation of transcript. (served by hand 7/13/05) (mfm) |
| 2 | Jul | 13 | Directions to court reporter of proceedings below to be transcribed pursuant to Rule 9(e) by appellant. (service shown on court reporter by hand 7/13/05) (mfm) |
| 3 | Jul | 15 | Letter dated 7/15/05 from Chief Deputy Clerk to Kathleen Feldman, transcript is due to be filed by 8/22/05. (dlw) |
| 4 | Jul | 15 | Letter dated 7/15/05 from Chief Deputy Clerk to Nicole M. Walker, Esquire, requesting a copy of Judge Johnston's 7/1/05 sentencing order be filed to be attached to the notice of appeal upon her receipt. (dlw) |
| 5 | Jul | 25 | Letter dated 7/22/05 from Nicole M. Walker, Assistant Public Defender to Clerk, enclosing sentencing order being appealed. (service shown) (rdd). |
| 6 | Aug | 24 | Court reporter's final transcript log entry: Prothonotary received 8/17/05. (eas) |
| 7 | Aug | 24 | Letter dated 8/24/05 from Senior Court Clerk to Prothonotary, record is due to be filed by 8/31/05. (eas) |
| 8 | Aug | 25 | Record w/ transcript. (eas) |
| 9 | Aug | 25 | Brief schedule issued. (opening brief due 9/26/05) (eas) |
| 10 | Sep | 23 | Appellant's opening brief and appendix. (served by hand 9/23/05) (mjd) |
| 11 | Oct | 18 | Affidavit requesting to proceed pro se pursuant to Rule 26(d)(iii). (no service shown) (mjd) |

| 12 | Oct | 18 | Directions to court reporter of proceedings below to be transcribed pursuant to Rule 9(e) by appellant. (no service shown on the court reporter) (mjd) |
|----|-----|----|----|
| 13 | Oct | 20 | Letter dated 10/20/05 from Chief Deputy Clerk to Nicole M. Walker, Esquire, forwarding the appellant's documents filed on 10/17/05. (dlw) |
| 14 | Oct | 26 | Brief delinquency notice dated 10/26/05 from Clerk to appellee. (clh) |
| 15 | Oct | 26 | Motion for leave to file answering brief out of time by appellee. (served by hand 10/26/05)(mjd) |
| 16 | Oct | 28 | Additional transcript to be made part of the record. (eas) |
| 17 | Nov | 01 | Order dated 10/31/05 by Steele, C.J., appellee's answering brief is due 11/23/05 (afb). |
| 18 | Nov | 18 | Letter dated 11/15/05 from Tyrone Guinn to Court, regarding his appeal. (mjd) |
| 19 | Nov | 22 | Appellee's answering brief. (served by hand 11/22/05) (mjd) |
| 20 | Nov | 22 | Letter dated 11/22/05 from Assistant Clerk to Nicole M. Walker, Esq., forwarding Mr. Guinn's 11/15/05 letter for appropriate disposition (afb). |
| 21 | Nov | 22 | Notice dated 11-22-05 from Clerk to counsel, the case will be submitted for decision on briefs as of 12-21-05 (clh)(MTS,CB,JBJ) |
| 22 | Dec | 05 | Appellant's reply brief. (served by hand 12/5/05) (mfm) |
| 2006 | | | |
| 23 | Feb | 14 | Letter dated 2/14/06 from Tyrone Guinn to Clerk, regarding his appeal. (eas) |
| 24 | Feb | 14 | Letter dated 2/14/06 from Senior Court Clerk to Nicole Walker, Esquire, forwarding Mr. Guinn's letter for appropriate disposition. (eas) |
| 25 | Feb | 22 | Letter dated 2/18/06 from Tyrone Guinn to Clerk, regarding his appeal. (eas) |
| 26 | Feb | 22 | Letter dated 2/22/06 from Senior Court Clerk to Nicole Walker, Esquire, forwarding Mr. Guinn's letter for appropriate disposition. (eas) |
| 27 | Feb | 28 | Order dated 2/28/06 by Steele, C.J., AFFIRMED. (MTS,CB,JBJ) (eas) |
| 28 | Mar | 13 | Letter dated 3/1/06 from Tyrone Guinn to Clerk, inquiring as to the status of his appeal. (docket sent) (eas) |

29   Mar  16        Record and mandate to clerk of court below. Case Closed
                    (afb).

30   Mar  20        Letter dated 3/11/06 from appellant to Clerk requesting
                    a copy of the docket sheet and the name of his counsel
                    (sent) (afb).

31   Mar  27        Prothonotary's receipt of record and mandate on 3/21/06
                    (afb).

32   Jun  05        Copy of Motion for Leave to Proceed in Forma Pauperis
                    captioned in the US Supreme Court by appellant. (eas)

33   Jun  29        Letter dated 6/29/06 from Assistant Clerk to appellant
                    enclosing his copies of his Motion for Leave to Proceed
                    In Forma Pauperis captioned in the Supreme Court of the
                    United States (afb).

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) |
| v. | )    ID No. 0411013992 |
| | ) |
| TYRONE L. GUINN, | ) |
| | ) |
| Defendant. | ) |

06 - 4 6 8

Submitted: April 25, 2006
Decided: May 25, 2006

```
  FILED
 JUL 3 1 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

## ORDER

### UPON DEFENDANT'S MOTION FOR NEW TRIAL
### AND MOTION FOR POST CONVICTION RELIEF

### DENIED

Upon review of Tyrone L. Guinn ("Defendant")'s Motions for New Trial, and Ineffective Assistance of Counsel and the record, it appears to the Court that:

1.    Defendant was found guilty of Assault in a Detention Facility following a jury trial on May 20, 2005. Effective July 1, 2005, Defendant was sentenced to 8 years at Level V (suspended after 3 years); 3 years at Level IV Halfway House (suspended after 1 year); and 2 years at Level III. The first year of this sentence is a mandatory term of incarceration.

2.     The current *pro se* Motion for New Trial was filed on March 27, 2006; and the current *pro se* Motion for Postconviction Relief was filed on April 25, 2006. Defendant argues that he is entitled to a new trial, and to postconviction relief, because his attorney failed to provide him with effective representation at trial. Defendant asserts ineffective assistance of counsel on four grounds: (i) failure to subpoena/cross-examine defense witnesses; (ii) failure to "object when I told her to" because one of the state witnesses was not duly sworn before taking the stand; (iii) presenting Defendant's case to the judge and state attorney during side bars and during Judgment of Acquittal without Defendant being present during the proceedings; and (iv) depriving Defendant of his rights by not advising him of his rights, not informing Defendant what was next after the notice of appeal, and filing briefs with the Supreme Court before sending Defendant a copy.    In his postconviction relief motion, Defendant argues two additional grounds:  (v) illegal sentence of probation; and (vi) the trial court erred as a matter of law when it denied Defendant's motion for judgment of acquittal.

3.     To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that counsel's errors were so grievous that counsel's performance fell below an objective standard of reasonableness; and (2) actual prejudice, that is, that there is a reasonable degree of probability that but for counsel's errors, the outcome

of the proceedings would have been different.[1]  In making a claim of ineffective

assistance of counsel, a defendant must make and substantiate concrete allegations

of actual prejudice or risk summary dismissal.[2]  Although the *Strickland* standard is

a two-part test, the showing of prejudice is so central to this claim that "[i]f it is easier

to dispose of an ineffective claim on the ground of lack of sufficient prejudice, which

we expect will often be so, that course should be followed."[3]  In other words, if the

court finds that there is no possibility of prejudice even if a defendant's allegations

regarding counsel's representations were true, the claim may be dismissed on this

basis alone.

$r \circ u^e$   4.    Defendant's grounds (i) and (iii) of ineffective assistance of counsel

concern counsel's trial strategy. Defense counsel's tactical decisions during trial do

not entitle Defendant to a new trial on the basis of ineffective assistance of counsel,

absent showing of prejudice. Defendant makes no assertions regarding what might

have happened if purported defense witnesses had been subpoenaed or if other

enumerated witnesses had been cross-examined. Nor does Defendant specify any

---

[1]*Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Albury v. State*, 551 A.2d 53, 58 (Del. 1988).

[2]*Younger v. State*, 580 A.2d 552, 556 (Del. 1990); *Robinson v. State*, 562 A.2d 1184, 1185 (Del. 1989).

[3]*Strickland,* 466 U.S. at 697.

3

prejudice that could have been prevented if counsel had presented the case in Defendant's presence, instead of arguing certain points at sidebar.    There is no support for Defendant's assertions in the record.

5.    The Court sees no reason to second-guess the strategic decisions of Defendant's counsel regarding: cross-examination; defense witness selection; or sidebar arguments. There is no evidence that Defendant's attorney's conduct fell below reasonable professional standards, or that the attorney's conduct caused Defendant actual prejudice. Defendant, therefore, has failed to carry his burden of showing ineffective assistance of counsel under *Strickland* on grounds (i) and (iii).

6.    Ground (ii) of Defendant's assertion of ineffective assistance of counsel clearly is without merit. Defendant claims that counsel did not object when one of the material witnesses, David Phillips, was not duly sworn before testifying. The trial transcript for May 19, 2005, however, demonstrates that Sergeant David Phillips was duly sworn before he testified.

7.    In ground (iv), Defendant asserts that counsel deprived Defendant of his rights by not keeping him informed of such rights, and of the appeals process. As examples of ineffectiveness, Defendant asserts that counsel: (a) did not advise him of his rights after the notice of appeal; and (b) filed briefs before providing Defendant with a copy. Defendant, however, does not mention what rights he was not apprised

4

of or how his case would have been affected. Defendant also does not allege how providing him with a copy of a brief before filing would have impacted the outcome of his case.

8.    The two part *Strickland* test leads to a "strong presumption that the representation was professionally reasonable."[4] Allegations of ineffective assistance must be concrete, and must find adequate support in the record.[5] According to the trial transcript for May 20, 2005, the Court addressed Defendant in open court, and asked: "Are you satisfied with your attorney's representation of you?" Defendant replied: "Yes, I am."

9.    "It is settled Delaware law that allegations that are entirely conclusory are legally insufficient to prove ineffective assistance of counsel."[6] Because Defendant does not present the Court with any evidence that his counsel's conduct fell below that of reasonable professional standards or that he was prejudiced as a

---

[4]*Flamer v. State*, 585 A.2d 736, 753 (Del. Super. 1990).

[5]*See Dawson v. State*, 673 A.2d 1186, 1196 (Del. Super. 1996); *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[6]*State v. Brittingham*, Del. Super., Cr. A. No. IN91-01-1009-R1, Barron, J., (Dec. 29, 1994)(ORDER) at 3 (citing *Younger v. State*, 580 A.2d at 556; *Jordan v. State*, Del. Supr., No. 270, 1994, Walsh, J. (Aug. 25, 1994)(ORDER)).

5

result of his attorney's conduct, his claim of ineffective assistance of counsel also must be denied as conclusory.[7]

10.    Having found that Defendant failed to meet the *Strickland* test, the Court concludes that Defendant is not entitled to a new trial on the grounds of ineffective assistance of counsel.

11.    Ground (v) of Defendant's postconviction relief motion (illegal sentence of probation) is wholly without merit. Defendant claims: "I was given 3 years of probation over the limit for my charge." The statutory range for Assault in Detention Facility: Bodily Emissions, Class D felony is zero to 8 years at Level V. Defendant was sentenced to 8 years at Level 5, the first year is a mandatory term, suspended after 3 years for 1 year at Level 4 Halfway House, followed by 2 years Level 3. Absent specifically enumerated public safety concerns, the period of probation for a violent felony is two years. The period of probation does not include the portion of the sentence designated to be served at Level 4.[8] Therefore, Defendant's probationary period is 2 years, consistent with statutory mandate and sentencing guidelines.

12.    In Ground (vi) of his postconviction relief motion, Defendant claims that the trial court erred as a matter of law when it denied his motion for Judgment of

---

[7]*See Walls v. State*, Del. Supr., No. 59, 1995, Holland, J. (Jan. 4, 1996)(ORDER) at 7.

[8]11 *Del. C.* § 4333(g)(2).

6

Acquittal, because the State failed to present sufficient evidence that Defendant struck Officer Shannon with bodily fluid.

13.     On a motion for postconviction relief, the Court applies procedural standards before considering the merits of the substantive claims for relief.[9] Superior Court Criminal Rule 61(i)(3) provides:

(3)     Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows

(A) Cause for relief from the procedural default and

(B) Prejudice from violation of the movant's rights.

This provision bars from consideration any claim, other than the claim of ineffective assistance of counsel, that was not raised in the proceedings unless the movant establishes both cause and actual prejudice.[10] Defendant presents no legal argument challenging the denial of his motion for acquittal. Further, Defendant has neither acknowledged nor complied with the cause and prejudice standard required to overcome the procedural default. Therefore, Defendant's ground (vi) is procedurally barred.

---

[9]*Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[10]*Younger v. State*, 580 A.2d 552, 554 (Del. 1990); *Flamer v. State*, 585 A.2d 736, 745 (Del. 1990).

7

**THEREFORE**, Defendants' Motions for New Trial, and for Postconviction

Relief are hereby **DENIED**.

**IT IS SO ORDERED**.

The Honorable Mary M. Johnston

ORIGINAL: PROTHONOTARY'S OFFICE - CRIM. DIV.

8

## SUPREME COURT OF DELAWARE

#33

CATHY L. HOWARD
*Clerk*

SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

June 29, 2006

AUDREY F. BACINO
*Assistant Clerk*

P.O. BOX 476
DOVER, DE 19903

DEBORAH L. WEBB
*Chief Deputy Clerk*

LISA A. SEMANS
*Senior Court Clerk*

(302) 739-4155
(302) 739-4156
(302) 739-8091

DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

Mr. Tyrone Guinn
SBI #375731
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

06 - 468 -



RE:    ***Tyrone Guinn v. State***
No. 313, 2005

Dear Mr. Guinn:

On June 5, 2006, multiple copies of your Motion to Proceed In Forma Pauperis captioned in the "Supreme Court of the United States" were received in this Court. On June 6, additional copies were received in this Court with the notation, "State's Attorney General Copy." Your motion was docketed in the above-captioned case; however, your case was closed in this Court on March 16, 2006, when the mandate issued. Therefore, I am enclosing your additional copies. No further action will be taken by this Court with respect to this document.

Very truly yours,

Audrey F. Bacino

Enclosure