## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **TYRONE GUINN,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 06-468-KAJ |
| | ) | |
| **THOMAS CARROLL**, Warden | ) | |
| and **CARL C. DANBERG**, Attorney | ) | |
| General for the State of Delaware | ) | |
| | ) | |
| Respondents. | ) | |

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

In May 2005, the petitioner, Tyrone Guinn, was convicted in a Delaware Superior Court jury trial of assault in a detention facility. *Guinn v. State,* 2006 WL 506433, at *1 (Del. 2006)(*Guinn I*)(Exhibit A). Guinn was acquitted of another count of assault in a detention facility, and the Court entered a not guilty verdict on the third count of assault in a detention facility. *Id.* Guinn was sentenced to eight years imprisonment, suspended after three years for a total of five years at a halfway house and probation. *State v. Guinn*, 2006 WL 1454811, at *1 (Del. Super. 2006)(*Guinn II*)(Exhibit B). On appeal, the Delaware Supreme Court affirmed Guinn's convictions and sentence. *See Guinn I.*

Guinn filed motions for postconviction relief in October 2005, November 2005, December 2005, April 2006, and June 2006. (Superior Court Criminal Docket #0411013992, D.I. 19, 22, 24, 35, 40). Guinn's first three motions for postconviction

1

relief were denied because Guinn's direct appeal was still in progress at the time of filing. *Id.* at D.I. 26; *See* DEL. SUPER. CT. CRIM. R. 61(B)(4). Guinn's April 2006 motions for postconviction relief and a new trial were denied by the Delaware Superior Court. *See Guinn II.* Superior Court ruled that Guinn's claims of ineffective assistance of counsel were without merit. *Id.* at *1-2. In turn, Guinn's claim that his sentence was illegal failed on the merits. *Id.* at *2. Finally, Guinn's claim that Superior Court erred by not granting his motion for judgment of acquittal was denied under Superior Court Criminal Rule 61(i)(3). *Id.* at 3. Guinn did not appeal the decision of Superior Court in *Guinn II.* Guinn's June 2006 motion for postconviction relief was similarly denied by Superior Court. *See State v. Guinn,* 2006 WL 2441945 (Del. Super. 2006)(*Guinn III*)(Exhibit C). Superior Court ruled that all of Guinn's claims were barred by Superior Court Criminal Rules 61(i)(2) and (i)(4). Guinn did not appeal Superior Court's decision in *Guinn III.*

Discussion

The Delaware Supreme Court, in *Guinn I,* described the circumstances of Guinn's crime:

> On June 30, 2004, Correctional Officers Malcolm Shannon and Neil Stevens brought Guinn, an inmate in the maximum security unit of the Delaware Correctional Center, to a small, caged exercise yard. The officers then escorted Ernest Hill, another inmate, to the shower. As the officers and Hill passed the exercise yard on the way to the shower, Guinn and Hill had a brief conversation. Immediately thereafter, Shannon was hit in the side of the head by fluid composed of urine and feces. Although neither officer saw Guinn throw the fluid, he was the only person present in the yard, and Stevens saw Guinn holding a small container. Guinn was charged with assault in a detention facility for striking Shannon with the bodily fluid. After a trial in the Superior Court for New Castle Count, a jury convicted Guinn of that charge.

2

*Guinn I* at \*1.  In his petition for federal habeas relief, Guinn presents only one claim: insufficient evidence was adduced at trial to sustain a conviction of assault in a detention facility.  Guinn asserts that, because neither Officer Shannon nor Officer Stevens actually observed Guinn throwing the liquid, the prosecution failed to establish the identity of the assailant.

In this instance, Guinn has failed to exhaust his state remedies on this claim.  In order to exhaust state remedies, Guinn must have presented to the state courts the legal and factual basis of the claims which he presents to the federal habeas court. *See* 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir. 1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986).  In turn, the claim must have been fairly presented to the state's highest court. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, \*2 (D.Del. Dec. 22, 2000)(Exhibit D).  On direct appeal of his conviction, Guinn alleged that the prosecution failed to establish that he intended to strike Officer Shannon with the liquid. *See* Appellant's Opening Brief at 5-10, *Guinn v. State*, Del. Supr. Ct. No. 313, 2005. Guinn did not allege that the State had failed to establish that he was the perpetrator.  Thus the only issue properly before the state supreme court on appeal was whether the prosecution had proved the intent element of assault in a detention facility.  Guinn, therefore, had not fully exhausted state remedies in regard to his insufficiency of evidence claim at the time he filed this action.

> Insufficiency of the evidence is simply too broad and malleable an objection to hold, in these circumstances at least, that a direct appeal in state court challenging the sufficiency of the evidence on one theory is enough to preserve for federal habeas review a challenge to the adequacy of proof on a factually and legally distinct theory never fairly presented to the state courts.

*Johnson v. Alabama*, 256 F.3d 1156, 1170 (11th Cir. 2001)(challenge to sufficiency of evidence establishing defendant's presence distinct from challenge to sufficiency of evidence of intent).

If, however, there is no available state remedy, then Gibbs is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001). Gibbs filed a direct appeal of his conviction in December 2005. (Superior Court Criminal Docket #0411013992, D.I. 13). On direct appeal to the Delaware Supreme Court, Guinn failed to raise this specific claim of insufficiency of evidence. By not raising this issue on direct appeal, Guinn was procedurally barred from raising the claim in subsequent post-conviction filings as Superior Court held in *Guinn II* at paragraphs 12-13. *See* DEL. SUPER. CT. CRIM. R. 61(I)(3). Because Guinn did not appeal the decision in *Guinn II*, he is precluded from presenting the issue again to the state courts, as evidenced by Superior Court's decision in *Guinn III*. Thus, Guinn is excused from the exhaustion requirement, but the claim is procedurally defaulted. *E.g.*, *White v. Carroll*, 416 F.Supp.2d 270, 281 n. 10 (D.Del. 2006); *Kennedy v. Kearney*, 1996 WL 534877, at *2-3 (D.Del. 1996)(Exhibit E).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates cause for the default and resulting prejudice, or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000). Guinn has not alleged cause for his failure to raise this insufficiency of evidence claim on direct appeal. As a result, Guinn has not established cause for his procedural default, and that warrants dismissal of his claim. *E.g., Elliott v. Kearney*, 2004 WL 724958, *4 n.5 (D. Del. Mar. 31,

2004)(Exhibit F). *See also Coleman*, 501 U.S. at 757; *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995) (citing cases).

## Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Guinn's jury trial, note and verdict, and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

/s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
DATE: November 9, 2006                    Del. Bar. ID No. 4612

# EXHIBIT "A"

Westlaw.

894 A.2d 406                                                                                        Page 1

894 A.2d 406, 2006 WL 506433 (Del.Supr.)
**(Cite as: 894 A.2d 406)**

**H**
Briefs and Other Related Documents
Guinn v. StateDel.Supr.,2006.(The decision of the
Court is referenced in the Atlantic Reporter in a '
Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Tyrone GUINN, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
**No. 313,2005.**

Submitted: Dec. 21, 2005.
Decided: Feb. 28, 2006.

**Background:** Defendant was convicted by jury in
the Superior Court, New Castle County, of assault
in a detention facility. Defendant appealed.

**Holding:** The Supreme Court, Steele, C.J., held that
there was sufficient evidence from which jury could
infer defendant's intent to strike correctional
officers, as would support conviction for assault in a
detention facility.

Affirmed.
West Headnotes
**Convicts 98 ☞5**

98 Convicts
    98k5 k. Crimes. Most Cited Cases
There was sufficient evidence from which jury
could infer defendant's intent to strike correctional
officers, as would support conviction for assault in a
detention facility; defendant threw container of
bodily fluid at three men in close proximity, two of
whom were correctional officers, most of the fluid
hit officer in the head, and under circumstances,
rational trier of fact could conclude that natural and
probable consequence of throwing feces and urine
in the direction of three people in close proximity
would be that any one or all of them would be
struck. 11 Del. C. § 1254(c).

Court Below: Superior Court of the State of
Delaware in and for New Castle County, Cr. A. No.
IN04111482, ID # 0411013992.

Before STEELE, Chief Justice, BERGER and
JACOBS, Justices.

*ORDER*
STEELE, Chief Justice.
*1 This 28th day of February, 2006, upon
consideration of the briefs on appeal and the record
below, it appears to the Court that:

(1) In May, 2005, a Superior Court judge denied
defendant-appellant Tyrone Guinn's motion for a
judgment of acquittal on three counts of Assault in a
Detention Facility. The jury returned a guilty
verdict on the first assault count and a not guilty on
the third count. The trial judge entered a not guilty
verdict on the second count. Guinn now appeals his
conviction on the first count, claiming that the trial
judge erroneously denied his motion for a judgment
of acquittal on that count because the State did not
present sufficient evidence that he intended to
assault Correctional Officer Malcolm Shannon.
Because the evidence did create a triable issue of
fact regarding Guinn's intent, the trial judge
properly denied Guinn's motion. Accordingly, the
judgment of the Superior Court is AFFIRMED.

(2) On June 30, 2004, Correctional Officers
Malcolm Shannon and Neil Stevens brought Guinn,
an inmate in the maximum security unit of the
Delaware Correctional Center, to a small, caged
exercise yard. The officers then escorted Ernest
Hill, another inmate, to the shower. As the officers
and Hill passed the exercise yard on the way to the
shower, Guinn and Hill had a brief conversation.
Immediately thereafter, Shannon was hit in the side
of the head by fluid composed of urine and feces.
Although neither officer saw Guinn throw the fluid,
he was the only person present in the yard, and
Stevens saw Guinn holding a small container. Guinn
was charged with assault in a detention facility for

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

894 A.2d 406                                                                                                                            Page 2

894 A.2d 406, 2006 WL 506433 (Del.Supr.)
**(Cite as: 894 A.2d 406)**

striking Shannon with the bodily fluid. After a trial in the Superior Court for New Castle Count, a jury convicted Guinn of that charge. [FN1]

> FN1. The indictment also charged Guinn with one count of assault against Stevens for hitting him with a small amount of fluid (Count II) and another count of assault for struggling with Stevens while handcuffed (Count III). The jury found Guinn not guilty of Count III, but was "hung" as to Count II. Without objection from the State, the trial judge entered a not guilty verdict on Count II.

(3) The jury convicted Guinn of a violation of 11 *Del. C.* § 1254(c), which provides that "[a]ny person who, being confined in a detention facility, intentionally strikes with urine, feces or other bodily fluid a correctional officer ... shall be guilty of a class D felony." Although the fluid struck Shannon, Guinn argues that the State failed to present sufficient evidence to prove that he intended to strike Shannon. Where a defendant argues that the evidence is insufficient to support the verdict against him, we inquire whether, after reviewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the State, " any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." [FN2]

> FN2. *Dixon v. State,* 567 A.2d 854, 857 (Del.1989).

(4) Guinn argues that the State failed to present sufficient evidence to meet the burden on the question of intent because: (i) the State's witnesses (the officers) testified that they thought Guinn had aimed at Hill because neither Shannon nor Stevens had any previous problems with Guinn; (ii) neither officer personally saw Guinn throw the fluid, precluding them from testifying about whether he threw it aimlessly or directly at a certain target; (iii) a jury cannot infer intent from mere proximity; and, (iv) the "inconsistent" jury verdict (finding Guinn guilty of assaulting Shannon, but being unable to

reach a conclusion with respect to Stevens) demonstrated the jury's confusion about how to apply the State's allegedly insufficient evidence to the *mens rea* element of intent. [FN3]

> FN3. The "inconsistent" jury verdict may very well have demonstrated the jury's weighing of the facts in the case or might have been a result of jury lenity. While Shannon testified that he was "covered all over the side of my face and my hair and on my clothes" with urine and feces, Stevens testified that he had "a little bit on my right pant."

*2 (5) Guinn's arguments lack merit. In determining whether a defendant had the requisite intent to commit a crime, a jury may infer that a person intends the natural and probable consequences of his actions. [FN4] The trial judge found that there was sufficient evidence from which the jury could infer Guinn's intent to strike the officers, and left the matter for the jury to decide. The record supports that conclusion.

> FN4. *See* 11 *Del. C.* § 306(c)(1) ("... A person is presumed to intend the natural and probable consequences of the person's act."); *see also Plass v. State,* 457 A.2d 362, 365 (Del.1983). Although Guinn argues that a jury cannot find intent based on proximity or from testimony that the officers believed Guinn intended to aim at Hill, Guinn fails to cite any Delaware case law to support his proposition. Delaware, by statute, allows a jury to infer intent to commit a crime from the surrounding circumstances.

(6) Guinn threw a container of bodily fluid at three men in close proximity, two of whom were correctional officers. Most of the fluid hit Shannon in the head. Whether Guinn primarily intended to hit Shannon, Hill, or both, is a question of fact that the trial judge properly allowed the jury to decide. Certainly under these circumstances, a rational trier of fact could conclude that the natural and probable

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

894 A.2d 406                                                                                                        Page 3

894 A.2d 406, 2006 WL 506433 (Del.Supr.)
**(Cite as: 894 A.2d 406)**

consequence of throwing feces and urine in the direction of three people (two of whom were corrections officers) in close proximity would be that any one or all of them would be struck, including Shannon. Because the State presented sufficient evidence from which a jury could infer intent, the Superior Court properly denied Guinn's motion for a judgment of acquittal.

NOW, THEREFORE, IT IS ORDERED, that the judgment of the Superior Court is AFFIRMED.

Del.Supr.,2006.
Guinn v. State
894 A.2d 406, 2006 WL 506433 (Del.Supr.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 3670646 (Appellate Brief) Appellant's Reply Brief (Dec. 05, 2005) Original Image of this Document (PDF)
• 2005 WL 3502087 (Appellate Brief) State's Answering Brief (Nov. 22, 2005) Original Image of this Document (PDF)
• 2005 WL 3074873 (Appellate Brief) Appellant's Opening Brief (Sep. 23, 2005) Original Image of this Document with Appendix (PDF)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "B"



Not Reported in A.2d, 2006 WL 1454811 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

**H**
State v. GuinnDel.Super.,2006.Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware,New Castle County.
STATE of Delaware
v.
Tyrone L. GUINN, Defendant.
**No. 0411013992.**

Submitted: April 25, 2006.
Decided: May 25, 2006.

Upon Defendant's Motion for New Trial and Motion for Post Conviction Relief. **DENIED.**

ORDER
JOHNSTON, J.
*1 Upon review of Tyrone L. Guinn ("Defendant")'s Motions for New Trial, and Ineffective Assistance of Counsel and the record, it appears to the Court that:

1. Defendant was found guilty of Assault in a Detention Facility following a jury trial on May 20, 2005. Effective July 1, 2005, Defendant was sentenced to 8 years at Level V (suspended after 3 years); 3years at Level IV Halfway House (suspended after 1 year); and 2 years at Level III. The first year of this sentence is a mandatory term of incarceration.

2. The current *pro se* Motion for New Trial was filed on March 27, 2006; and the current *pro se* Motion for Postconviction Relief was filed on April 25, 2006. Defendant argues that he is entitled to a new trial, and to postconviction relief, because his attorney failed to provide him with effective representation at trial. Defendant asserts ineffective assistance of counsel on four grounds: (i) failure to subpoena/cross-examine defense witnesses; (ii) failure to "object when I told her to" because one of

the state witnesses was not duly sworn before taking the stand; (iii) presenting Defendant's case to the judge and state attorney during side bars and during Judgment of Acquittal without Defendant being present during the proceedings; and (iv) depriving Defendant of his rights by not advising him of his rights, not informing Defendant what was next after the notice of appeal, and filing briefs with the Supreme Court before sending Defendant a copy. In his postconviction relief motion, Defendant argues two additional grounds: (v) illegal sentence of probation; and (vi) the trial court erred as a matter of law when it denied Defendant's motion for judgment of acquittal.

3. To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that counsel's errors were so grievous that counsel's performance fell below an objective standard of reasonableness; and (2) actual prejudice, that is, that there is a reasonable degree of probability that but for counsel's errors, the outcome of the proceedings would have been different. [FN1] In making a claim of ineffective assistance of counsel, a defendant must make and substantiate concrete allegations of actual prejudice or risk summary dismissal.[FN2] Although the *Strickland* standard is a two-part test, the showing of prejudice is so central to this claim that "[i]f it is easier to dispose of an ineffective claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." [FN3] In other words, if the court finds that there is no possibility of prejudice even if a defendant's allegations regarding counsel's representations were true, the claim may be dismissed on this basis alone.

> FN1. *Strickland v. Washington,* 466 U.S. 668, 694 (1984); *Albury v. State,* 551 A.2d 53, 58 (Del.1988).

> FN2. *Younger v. State,* 580 A.2d 552, 556 (Del.1990); *Robinson v. State,* 562 A.2d

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                      Page 2

Not Reported in A.2d, 2006 WL 1454811 (Del.Super.)
(Cite as: Not Reported in A.2d)

1184, 1185 (Del.1989).

FN3. *Strickland,* 466 U.S. at 697.

4. Defendant's grounds (i) and (iii) of ineffective assistance of counsel concern counsel's trial strategy. Defense counsel's tactical decisions during trial do not entitle Defendant to a new trial on the basis of ineffective assistance of counsel, absent showing of prejudice. Defendant makes no assertions regarding what might have happened if purported defense witnesses had been subpoenaed or if other enumerated witnesses had been cross-examined. Nor does Defendant specify any prejudice that could have been prevented if counsel had presented the case in Defendant's presence, instead of arguing certain points at sidebar. There is no support for Defendant's assertions in the record.

*2 5. The Court sees no reason to second-guess the strategic decisions of Defendant's counsel regarding: cross-examination; defense witness selection; or sidebar arguments. There is no evidence that Defendant's attorney's conduct fell below reasonable professional standards, or that the attorney's conduct caused Defendant actual prejudice. Defendant, therefore, has failed to carry his burden of showing ineffective assistance of counsel under *Strickland* on grounds (i) and (iii).

6. Ground (ii) of Defendant's assertion of ineffective assistance of counsel clearly is without merit. Defendant claims that counsel did not object when one of the material witnesses, David Phillips, was not duly sworn before testifying. The trial transcript for May 19, 2005, however, demonstrates that Sergeant David Phillips was duly sworn before he testified.

7. In ground (iv), Defendant asserts that counsel deprived Defendant of his rights by not keeping him informed of such rights, and of the appeals process. As examples of ineffectiveness, Defendant asserts that counsel: (a) did not advise him of his rights after the notice of appeal; and (b) filed briefs before providing Defendant with a copy. Defendant, however, does not mention what rights he was not apprised of or how his case would have been affected. Defendant also does not allege how

providing him with a copy of a brief before filing would have impacted the outcome of his case.

8. The two part *Strickland* test leads to a "strong presumption that the representation was professionally reasonable." [FN4] Allegations of ineffective assistance must be concrete, and must find adequate support in the record.[FN5] According to the trial transcript for May 20, 2005, the Court addressed Defendant in open court, and asked: "Are you satisfied with your attorney's representation of you?" Defendant replied: "Yes, I am."

> FN4. *Flamer v. State,* 585 A.2d 736, 753 (Del.Super.1990).

> FN5. *See Dawson v. State,* 673 A.2d 1186, 1196 (Del.Super.1996); *Younger v. State,* 580 A.2d 552, 556 (Del.1990).

9. "It is settled Delaware law that allegations that are entirely conclusory are legally insufficient to prove ineffective assistance of counsel." [FN6] Because Defendant does not present the Court with any evidence that his counsel's conduct fell below that of reasonable professional standards or that he was prejudiced as a result of his attorney's conduct, his claim of ineffective assistance of counsel also must be denied as conclusory.[FN7]

> FN6. *State v. Brittingham,* Del.Super., Cr. A. No. IN91-01-1009-R1, Barron, J., (Dec. 29, 1994)(ORDER) at 3 (citing *Younger v. State,* 580 A.2d at 556; *Jordan v. State,* Del.Supr., No. 270, 1994, Walsh, J. (Aug. 25, 1994)(ORDER)).

> FN7. *See Walls v. State,* Del.Supr., No. 59, 1995, Holland, J. (Jan. 4, 1996)(ORDER) at 7.

10. Having found that Defendant failed to meet the *Strickland* test, the Court concludes that Defendant is not entitled to a new trial on the grounds of ineffective assistance of counsel.

11. Ground (v) of Defendant's postconviction relief

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d, 2006 WL 1454811 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

motion (illegal sentence of probation) is wholly without merit. Defendant claims: "I was given 3 years of probation over the limit for my charge." The statutory range for Assault in Detention Facility: Bodily Emissions, Class D felony is zero to 8 years at Level V. Defendant was sentenced to 8 years at Level 5, the first year is a mandatory term, suspended after 3 years for 1 year at Level 4 Halfway House, followed by 2 years Level 3. Absent specifically enumerated public safety concerns, the period of probation for a violent felony is two years. The period of probation does not include the portion of the sentence designated to be served at Level 4.[FN8] Therefore, Defendant's probationary period is 2 years, consistent with statutory mandate and sentencing guidelines.

> FN8. 11 *Del. C.* § 4333(g)(2).

*3 12. In Ground (vi) of his postconviction relief motion, Defendant claims that the trial court erred as a matter of law when it denied his motion for Judgment of Acquittal, because the State failed to present sufficient evidence that Defendant struck Officer Shannon with bodily fluid.

13. On a motion for postconviction relief, the Court applies procedural standards before considering the merits of the substantive claims for relief.[FN9] Superior Court Criminal Rule 61(i)(3) provides:

> FN9. *Bailey v. State,* 588 A.2d 1121, 1127 (Del.1991); *Younger v. State,* 580 A.2d 552, 554 (Del.1990).

(3) Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows
(A) Cause for relief from the procedural default and
(B) Prejudice from violation of the movant's rights.

This provision bars from consideration any claim, other than the claim of ineffective assistance of counsel, that was not raised in the proceedings unless the movant establishes both cause and actual prejudice.[FN10]    Defendant    presents    no    legal

argument challenging the denial of his motion for acquittal. Further, Defendant has neither acknowledged nor complied with the cause and prejudice standard required to overcome the procedural default. Therefore, Defendant's ground (vi) is procedurally barred.

> FN10. *Younger v. State,* 580 A.2d 552, 554 (Del.1990); *Flamer v. State,* 585 A.2d 736, 745 (Del.1990).

THEREFORE, Defendants' Motions for New Trial, and for Postconviction Relief are hereby DENIED.

IT IS SO ORDERED.

Del.Super.,2006.
State v. Guinn
Not Reported in A.2d, 2006 WL 1454811 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "C"



Not Reported in A.2d                                                                                                                    Page 1

Not Reported in A.2d, 2006 WL 2441945 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

**H**
State v. GuinnDel.Super.,2006.Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware,New Castle County.
STATE of Delaware
v.
Tyrone L. GUINN, Defendant.
**ID No. 0411013992.**

Submitted: June 13, 2006.
Decided: Aug. 16, 2006.

Upon Defendant's Motion For Postconviction Relief. **DENIED.**

**ORDER**
MARY M. JOHNSTON, Judge.
*1 Upon review of Tyrone L. Guinn ("Defendant" )'s Motion for Postconviction Relief and the record, it appears to the Court that:

1. Defendant was found guilty of Assault in a Detention Facility following a jury trial on May 20, 2005. Effective July 1, 2005, Defendant was sentenced to 8 years at Level V (suspended after 3 years); 3years at Level IV Halfway House (suspended after 1 year); followed by 2 years at Level III. The first year of this sentence is a mandatory term of incarceration.

2. Defendant previously filed a *pro se* Motion for New Trial on March 27, 2006; and a *pro se* Motion for Postconviction Relief on April 25, 2006. Both motions were denied by this Court on May 25, 2006.

3. Defendant's current *pro se* Motion for Postconviction Relief was filed on June 6, 2006. In the current motion, Defendant repeats some of the assertions of his earlier postconviction relief motion. Defendant's argues that he is entitled to postconviction relief because his attorney failed to provide him with effective representation at trial by: (i) failing to subpoena/cross-examine defense witnesses; and (ii) depriving Defendant of his rights by not advising him of his rights, not informing Defendant what was next after the notice of appeal, and filing briefs with the Supreme Court before sending Defendant a copy. Defendant also asserts that he is entitled to postconviction relief because the trial court erred as a matter of law when it denied his motion for judgment of acquittal.

4. In evaluating a postconviction relief motion, the Court must first ascertain if any procedural bars of Superior Court Criminal Rule 61(i) apply.[FN1] If a procedural bar is found to exist, the Court should refrain from considering the merits of the individual claims. This Court will not address claims for postconviction relief that are conclusory and unsubstantiated.[FN2] Pursuant to Rule 61(a), a motion for postconviction relief must be based on " a sufficient factual and legal basis." In addition, pursuant to Rule 61(b)(2), "[t]he motion shall specify all the grounds for relief which are available to movant ..., and shall set forth in summary form the facts supporting each of the grounds thus specified ." Any ground for relief not asserted in a prior postconviction relief motion is thereafter barred unless consideration of the claim is necessary in the interest of justice.[FN3] Similarly, grounds for relief not asserted in the proceedings leading to the judgment of conviction are thereafter barred, unless the movant demonstrates: (1) cause for the procedural default; and (2) prejudice from the violation of movant's rights.[FN4] Any formerly-adjudicated ground for relief, whether in a proceeding leading to the judgment of conviction, in an appeal, or in a postconviction proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.[FN5]

FN1. *See Younger v. State,* 580 A.2d 552, 554 (Del.1990); Super. Ct.Crim. R. 61(i).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                Page 2

Not Reported in A.2d, 2006 WL 2441945 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

> FN2. *See Younger,* 580 A.2d at 555; *State v. Conlow,* Del.Super., Cr. A. No. IN78-09-0985R1, Herlihy, J. (Oct. 5, 1990) at 5; *State v. Gallo,* Del.Super., Cr. A. No. IN87-03-0589-0594, Gebelein, J. (Sept. 2, 1988) at 10.

> FN3. Del.Super. Ct.Crim. R. 61(i)(2).

> FN4. Del.Super. Ct.Crim. R. 61(i)(3).

> FN5. Del.Super. Ct.Crim. R. 61(i)(4).

5. Defendant's previous *pro se* motion for postconviction relief was filed on April 25, 2006, and denied on May 25, 2006. Therefore the procedural bar of Rule 61(i)(2) is applicable as to any ground for relief **not** asserted by Defendant in the earlier motion for postconviction relief, and any ground for relief that **was** asserted in that motion is barred by Rule 61(i)(4).

**\*2** 6. The grounds raised by Defendant in his current postconviction relief motion were addressed in his previous postconviction relief motion. Superior Court Criminal Rule 61(i)(4) bars reconsideration, on a postconviction relief motion, any ground for relief that was formerly adjudicated. Defendant claims that the Court should consider his current motion because the legal arguments have been "corrected." The Superior Court is not required to re-examine a claim that has received " substantive resolution" at an earlier time simply because the claim is refined or restated.[FN6]

> FN6. *Johnson v. State,* 612 A.2d 158, 158 (Del.1992).

7. Defendant's motion for postconviction relief must be denied as it is procedurally barred pursuant to Rule 61(i)(4). To protect the integrity of the procedural rules, the Court will not consider the merits of the postconviction claims where a procedural bar exists.[FN7]

> FN7. *State v. Gattis,* Del. Sper., Cr. A. No IN90-05-1017, Barron, J. (Dec. 28,

1995)(citing *Younger v. State,* 580 A.2d. at 554; *Saunders v. State,* Del.Supr., No. 185, 1994, Walsh, J. (Jan. 13, 1995)(ORDER); *Hicks v. State,* Del.Supr., No. 417, 1991, Walsh, J. (May 5, 1992) (ORDER).

**THEREFORE,** Defendant's Motion for Postconviction Relief is hereby **DENIED.**

**IT IS SO ORDERED.**

Del.Super.,2006.
State v. Guinn
Not Reported in A.2d, 2006 WL 2441945 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "D"

Westlaw.

Not Reported in F.Supp.2d                                                                      Page 1

Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Coverdale v. SnyderD.Del.,2000.Only the Westlaw
citation is currently available.
United States District Court, D. Delaware.
Darryal D. COVERDALE, Plaintiff,
v.
Robert SNYDER, et al. Defendants.
Darryal D. COVERDALE, Petitioner,
v.
Robert SNYDER, Warden, and M. Jane Brady
Attorney General of the State of Delaware,
Respondents.
**No. Civ.A. 98-718-GMS.**

Dec. 22, 2000.

Darryal D. Coverdale, Plaintiff, pro se.
Thomas E. Brown, State of Delaware Department
of Justice, Wilmington, DE, for Defendants.
Thomas E. Brown, of the State of Delaware
Department of Justice, Wilmington, Delaware, for
Respondents, Robert Snyder and M. Jane Brady.

*MEMORANDUM OPINION*
SLEET, J.

I. INTRODUCTION

*1 The petitioner, Darryal D. Coverdale, ("
Coverdale"), is currently incarcerated in the
Delaware Correctional Center located in Smyrna,
Delaware. He filed a petition for the issuance of a
writ of habeas corpus on December 28, 1998, with
the court (D.I.1). In his petition, Coverdale raises
the following four separate grounds for relief: (1)
abuse of discretion by the trial court, (2)
prosecutorial misconduct, (3) ineffective assistance
of counsel and (4) obstruction of justice by the State
of Delaware. Coverdale also filed a motion to
compel discovery. (D.I.14).[FN1] After considering
the papers filed by the parties the court finds that
Coverdale's claims lack merit. Therefore, it will
dismiss the petition with prejudice, deny the relief

requested, and deny the motion as moot.[FN2]

> FN1. Coverdale filed his motion on
> October 18, 1999. According to his
> motion, the respondents violated a court
> order by not furnishing transcripts of the
> proceedings. However, the order to which
> Coverdale refers states "[i]ndicate what
> transcripts of pre-trial, trial, sentencing,
> and post-conviction proceedings are
> available, when they can be furnished, and
> what proceedings have been recorded but
> not transcribed." (D.I. 4 at ¶ 2(c)). The
> respondents' answer states that no
> transcripts of the proceeding were
> prepared but would be if the court so
> ordered. Additionally, the respondents
> maintain that it would take more than 90
> days to make the transcripts available.
> Since the respondents did not violate the
> terms of the court's order and, in any event,
> Coverdale's motion is moot, the court will
> deny it.

> FN2. Coverdale has also filed an action
> against numerous individuals for alleged
> violations of 42 U.S.C. § 1983 based on
> the same facts alleged in his petition. As to
> the issues raised in that action, the court
> will issue a separate opinion in Civ.A.No.
> 98-718-GMS.

II. BACKGROUND

In 1995, Coverdale plead guilty in Delaware
Superior Court to charges of theft and possession of
drugs. For the theft charge, he was sentenced to two
years imprisonment at Level V incarceration,
suspended for a Level IV treatment program
followed by a period of probation. For the drug
charge, Coverdale was sentenced to one year in
prison, suspended for one year of probation. Upon a
1996 finding that he violated the terms of his

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                          Page 2

Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

probation, The Delaware Superior Court resentenced Coverdale to drug treatment followed by an additional term of probation. In 1997, Coverdale was arrested yet again on drug charges. Since he had never reported to the Level IV drug treatment program to which he was twice sentenced, he was also charged with escape after conviction. *See In re Coverdale,* No. 125, 1998, 1998 WL 188568, at *1 (Del. April 7, 1998) (Coverdale I). On January 23, 1998, after holding a hearing at which Coverdale was represented by counsel, the Delaware Superior Court convicted him of violating his probation, revoked his probation, and sentenced him to two and a half years in prison.[FN3]

> FN3. The record indicates that Coverdale plead guilty to violating his probation.

Coverdale did not directly appeal the revocation of his probation. Instead, he sought a writ of mandamus from the Supreme Court of Delaware. [FN4] The Delaware Supreme Court dismissed the petition for a writ of mandamus on April 7, 1998. Coverdale then filed a motion for state post-conviction relief in the Delaware Superior Court challenging the finding that he violated his probation. On November 12, 1998, the Delaware Supreme Court affirmed the Delaware Superior Court's denial of post conviction relief.[FN5]

> FN4. In his petition, Coverdale alleges that he was improperly indicted for escape, that his court appointed counsel conspired with the State against him, and that the Delaware Superior Court improperly refused to act on a petition filed pursuant to Del.Supr. Ct.Crim. R. 61. He asked the court to (1) dismiss his 1997 escape and drug charges and (2) order the Superior Court to rule on his 1995 post-conviction motions. The Supreme Court found that (1) the Superior Court docket did not reflect that Coverdale filed any post-conviction motions in his 1995 case and (2) Coverdale did not show why he was entitled to the relief he sought since he could file post-conviction motions

attacking his conviction. *See Coverdale I,* 1998 WL 188568 at *1-2.

> FN5. Coverdale moved for post-conviction relief for his 1997 charges in the Delaware Superior Court. The Superior Court denied such relief on April 3, 1998. The Delaware Supreme Court found that Coverdale's challenge to his conviction was not raised on direct appeal and that he did not make the required showing of cause and prejudice to overcome the procedural bar. *See* Del.Supr. Ct.Crim. R. 61(i)(3). Therefore, the Delaware Supreme Court affirmed the denial of post-conviction relief. *See Coverdale v. State of Delaware,* No. 188, 1998, 1998 WL 985330, at *1 (Del. Nov. 12, 1998) (Coverdale II).

On December 23, 1998, Coverdale filed a petition for a writ of habeas corpus with the court. He raises the following claims:
1. The Superior Court judge who found that Coverdale violated his probation should have established on the record that the drug offense was the true basis for the violation and the court erred in denying post-conviction relief.
2. The prosecutor intentionally manipulated the revocation of probation proceedings in order to hide the fact that a probation officer had violated Coverdale's rights.
*2 3. Coverdale's counsel worked as an "agent provocateur for the State" and thereby denied him effective assistance of counsel during "pretrial, trial, and failed to file an appeal."
4. All the state actors involved (including the Delaware Supreme Court) intentionally committed obstruction of justice to conceal violations of Coverdale's constitutional rights.

Finally, after Coverdale filed the instant petition for a writ of habeas corpus, he filed two additional motions for modification of his sentence with the Delaware Supreme Court. Both motions were denied as repetitive.[FN6] *See Coverdale v. State of Delaware,* No. 179, 2000, 2000 WL 1616599, at *1 (Del. Oct. 23, 2000) (Coverdale III). Since these motions were made and ruled upon after Coverdale

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                      Page 3

Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

filed the instant petition, the court will not consider whether the denial of the motions constitutes grounds for relief.

> FN6. Coverdale had already filed a similar motion in the Delaware Superior Court which was denied.

### III. STANDARD OF REVIEW

Because Coverdale filed his habeas petition after April 24, 1996, the terms of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply. *See, e.g., Lindh v. Murphy,* 521 U.S. 320, 326-27 (1997). Under AEDPA, a habeas petitioner who is incarcerated as a result of a state conviction cannot obtain relief unless the decision of the state court was either "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. " *See* 28 U.S.C. § 2254(d); *see also Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 880 (3d Cir.1999); *Dickerson v. Vaughn,* 90 F.3d 87, 90 (3d Cir.1996); *Finch v. Snyder,* Civ.A.No. 98-537-SLR, 2000 WL 52162, at *3 (D.Del. Jan. 10, 2000). AEDPA also requires that the court afford substantial deference to factual findings and legal determinations made by state courts and places the burden on the petitioner to rebut the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e) (as amended); *Dickerson,* 90 F.3d at 90.

### IV. DISCUSSION

#### 1. Exhaustion

As a threshold matter, the court must determine whether Coverdale has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). If a habeas petition contains an unexhausted claim, the entire petition "must be dismissed without prejudice for failure to exhaust all state created remedies." *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996)

(citing *Rose v. Lundy,* 455 U.S. 509, 510 (1982)). A petitioner's claim is considered exhausted if it has been fairly presented to the state's highest court, either on direct appeal or in a post conviction-proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citing *Evans v. Court of Common Pleas, Delaware Co., Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992)). To have fairly presented a claim, the petitioner must have submitted to the state court both the legal theory and the facts that are "substantially equivalent " to those asserted in his federal habeas petition. *See Doctor,* 96 F.3d at 678.

*\*3* Upon reviewing the record, the court finds that all of Coverdale's claims are exhausted.[FN7] Coverdale raised an ineffective assistance of counsel claim relating to his January 23, 1998 revocation hearing before the Delaware Supreme Court. *See* D .I. 1, Ex. 1; *see also Coverdale II,* 1998 WL 985330, at *1. Coverdale presented both the Delaware Superior Court and the Delaware Supreme Court with his claims of obstruction of justice, prosecutorial misconduct, and abuse of discretion by asking for post-conviction relief, petitioning for a writ of mandamus, and making several motions for a reduction in his sentence. *See* D.I. 1, Ex. 1; *see also Coverdale III,* 2000 WL 1616599, at *1; *Coverdale II,* 1998 WL 985330, at * 1; *Coverdale I,* 1998 WL 188568, at *1.

> FN7. The respondents agree with this conclusion. *See* Ans. at 2-3, 5. Nevertheless, the court must make an independent determination whether the petitioner's claims are exhausted.

#### B. Procedurally Defaulted Claims

Although Coverdale has exhausted all the claims presented in his petition, the court must inquire whether he has complied with relevant state procedural requirements before it can turn to the merits. *See Caswell v. Ryan,* 953 F.2d 853, 860 (3d Cir.1992) (finding that federal habeas court first determine whether it "fairly appears" that state Supreme Court based its decision primarily on state law); *see also Coleman v. Thompson,* 501 U.S. 722,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

731-32 (1991) (stating that allowing federal habeas petitioners to proceed when procedural default in state court is responsible for absence of state remedies would undermine principles of comity and federalism). A state court ruling resting on an adequate and independent state procedural ground will bar federal habeas review absent a showing of cause and prejudice by the petitioner. *See Wainwright v. Sykes,* 433 U.S. 72, 81-82 (1977).

The Delaware Supreme Court dismissed Coverdale's first, second, and fourth claims on the ground that he neither raised the claims on direct appeal, nor complied with Del.Supr. Ct.Crim. R. 61(i)(3).[FN8] *See Coverdale II,* 1998 WL 985330, at *1. Numerous courts in this district have held that Del.Supr. Ct.Crim. R. 61(i) is an adequate and independent state ground which bars review by a federal court. *See, e.g., Gattis v. Snyder,* 46 F.Supp.2d 344, 367 (D.Del.1999); *Desmond v. Snyder,* Civ.A.No. 96-327-GMS, 1999 WL 33220036, at *11 (D.Del. Nov. 16, 1999); *Sullivan v. State of Delaware,* Civ.A.No. 96-231-SLR, 1998 WL 231264, at *17 (Apr. 30, 1998); *Laws v. Snyder,* Civ.A.No. 95-579-SLR, 1996 WL 484835, at *3 (D.Del. Aug. 7, 1996); *Flamer v. Chaffinch,* 827 F.Supp. 1079, 1087-88 (D.Del.1993). Therefore, the court finds that the Delaware Supreme Court articulated a "plain statement" that its decision rested on state law grounds. *See Harris v. Reed,* 501 U.S. 255, 263-64 (1989).

> FN8. Del.Supr. Ct.Crim. R. 61(i)(3) states that "Any ground for relief that was not asserted in a prior postconviction proceeding ... is thereafter barred, unless the movant shows (A) [c]ause for relief from procedural default and (B) [p]rejudice from violation of the movant's rights."

There are two ways Coverdale can overcome the state procedural bar to the court's review. Coverdale must either establish (1) cause for the default and actual prejudice to federal rights flowing therefrom or (2) that the court's refusal to hear his habeas claim would result in a fundamental miscarriage of justice. *See* 28 U.S .C. § 2254(a); *Coleman,* 501

U.S. at 750; *Finch,* 2000 WL 52162, at *5. The court finds that Coverdale has neither established cause and prejudice, nor demonstrated that he falls within the miscarriage of justice exception for his first, second, and fourth claims. As a result, the court cannot hear these claims.

*4 To demonstrate cause for his procedural default, Coverdale must show that "something external to the petitioner, something that cannot be fairly attributable to him" impeded his efforts to comply with Del.Supr. Ct.Crim. R. 61(i)(3). *See Coleman,* 501 U.S. at 750; *see also McClesky v. Zant,* 499 U.S. 467, 493 (1991); *Murray v. Carrier,* 477 U.S. 478, 488 (1986).

Coverdale's petition does not allege any external impediment which prevented him from raising his first, second, and fourth claims in state post-conviction proceedings. Construing the petition in a broad light, however, there is a hint of a "cause" argument in his attached state habeas petition. The state petition asserts that, "the creation of the Superior Court Criminal Rule 61 which itself due (sic) to the extremely technicle (sic) aspects deny an individual an adequate, substantive right to a review." The state petition later states, "[t]here can be no adequate vehicle for review where the Rule is itself beyond the understanding of those who must utilize it...." A lack of knowledge or an unawareness of procedural rules, however, is not an "external factor" which would have excused Coverdale's failure to comply with the state procedural requirements.[FN9] *See Klein v. Neal,* 45 F.3d 1395, 1398 (10th Cir.1995) (commenting that habeas petitioner's assertion that he was unaware of statute of limitations for state post-conviction relief was insufficient as a matter of law to constitute cause for procedural default); *see also Bailey v. Snyder,* Civ.A.No 96-85-SLR, 1996 WL 43492, at * 5 (D.Del. July 31, 1996) (finding that Rule 61 furthers a legitimate state purpose of limiting stale claims, is 'clear cut,' and has been applied consistently). Certainly, numerous other state habeas petitioners in a similar situation have been able to abide by Del.Supr. Ct.Crim. R. 61; Coverdale's procedural default is attributable solely to him.[FN10]

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 5

Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

FN9. Ineffective assistance of counsel can establish cause for failure to comply with state procedural rules. Nevertheless, a finding of ineffective assistance of counsel itself requires a showing of cause and prejudice. Since the court will consider Coverdale's ineffective assistance of counsel claim below, it would be redundant to do so here in the context of procedural default. As discussed below, since Coverdale has not shown that he received ineffective assistance of counsel, it is axiomatic that such a claim cannot serve as the basis for his procedural default. *See infra.*

FN10. Throughout his petition, Coverdale asserts what may be regarded as additional reasons for the cause of his procedural default. First, he alleges that the State and his attorney conspired to conceal their constitutional violations by preventing him from raising his claims for post-conviction relief. Second, he claims that Rule 61 " should be deemed non-existent" since it worked to conceal violations of his rights As mentioned above, however, the denial of post-conviction relief was based entirely on sound principles of law and well established state procedural rules. Further, countless courts have upheld Rule 61 and other rules like it; this court is unwilling to find that its neutral operation worked to deprive Coverdale of his rights. Finally, Coverdale offers nothing beyond conclusory allegations to support his statements.

Since Coverdale is unable to establish any external factor sufficient to overcome his procedural default, it is unnecessary for the court to consider whether he has suffered any prejudice. *See, e.g., Coleman,* 501 U.S. at 750-51; *Finch,* 2000 WL 52162, at *6; *Laws,* 1996 WL 484835, at *3. Nevertheless, the court notes that Coverdale has offered no evidence in support of his contention that the state procedural bar prejudiced his claim.[FN11] *See Smith v. Murray,* 477 U.S. 527, 533 (1986); *Lawrie v. Snyder,* 9 F.Supp.2d 143, 151 (D.Del.1995).

FN11. Coverdale plead gulty, did not file a direct appeal, and does not now suggest that his plea was constitutionally infirm. He cannot, therefore, demonstrate any ' actual prejudice' flowing from his guilty plea. *See Bousley v. United States,* 523 U.S. 614, 618 (1998).

Finally, Coverdale can overcome his procedural default if he can show that failing to hear his petition would constitute a "miscarriage of justice." *See Coleman,* 501 U.S. at 750; *Carrier,* 477 U.S. at 496. This exception is reserved for claims of actual innocence. *See, e.g., Schlup v. Daleo,* 513 U.S. 298, 327-28 (1995); *Sawyer v. Whitley,* 505 U.S. 333, 339-40 (1992); *In re Minarik,* 166 F.3d 591, 607 (3d Cir.1999). Coverdale plead guilty to violating his probation and has repeatedly asserted that he is not challenging the fact of his guilt. Furthermore, he does not specify how the court's failure to consider his claims would result in a miscarriage of justice. The exception, therefore, is inapposite in this case. *See Finch,* 2000 WL 52162, at *6.

**\*5** Since the Delaware Supreme Court found that Coverdale's first, second, and fourth claims were procedurally barred under Del.Supr. Ct. Crim R. 61(i)(3), the court cannot consider them. Therefore, the court will dismiss the first, second, and fourth claims in Coverdale's petition.

### C. Ineffective Assistance of Counsel

Coverdale's third claim in his petition-ineffective assistance of counsel in connection with his January 23, 1998 violation of probation hearing-was properly before the Delaware Supreme Court.[FN12] *See Ans.* at 2. Since the claim was exhausted and can serve as a basis for procedural default, the court must examine its merits.

FN12. As the respondents correctly note, Coverdale's petition alleges his counsel was ineffective "during pretrial and trial stages and failed to file an appeal." Coverdale's petition only refers to the January 23, 1998 violation of probation

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

hearing; it does not provide any record support for a broader ineffective assistance of counsel claim. Nevertheless, any ineffective assistance of counsel claim beyond the violation of probation hearing was not presented to the state court. Since such claims would be unexhausted and, therefore, procedurally defaulted, the court cannot consider them. *See* 28 U.S.C. § 2254(b)(1)(A).

Claims in habeas petitions must be supported by the evidentiary record; mere allegations are not enough to warrant habeas relief. *See Mayberry v. Petsock,* 821 F.2d 179, 185 (3d. Cir.1987) (finding that habeas petitions require more than notice pleading); Rule 4 of the Rules Governing Habeas Corpus Cases (stating "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal.").

The record demonstrates that Coverdale was represented by court appointed counsel at the January 23, 1998 violation of probation hearing. In his petition, Coverdale merely asserts that " [c]ounsel worked as an agent provocateur for the State during pretrial, trial stages (sic) and failed to file an appeal." He does not provide any evidence for these sweeping claims, however. Although Coverdale's state habeas petition contains additional claims of his counsel's ineffective assistance, they are equally conclusory and not supported by any record evidence.[FN13] Although the court must construe Coverdale's petition liberally, Coverdale's unsupported assertions that his attorney was an " agent provocateur" do not provide sufficient grounds for the court to grant habeas relief.

> FN13. Coverdale also asserts that his counsel was ineffective since he was unhappy with his representation and attempted to remove him on numerous occasions. This argument misunderstands the criteria for establishing a claim of ineffective assistance of counsel. Counsel is not required to provide the best representation imaginable. Instead, Coverdale must show that (1) his attorney's representation fell below an objective standard of reasonableness and (2) his counsel's actions were prejudicial to his defense, creating a reasonable probability that, but for the alleged errors, the result of the proceedings would have been different. *See, e.g., Zettlemoyer v. Fulcomer,* 923 F.2d 284, 295 (3d Cir.1991) (citing *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984)). Thus, mere dissatisfaction with an attorney is enough. The court notes, however, that Coverdale was represented by an experienced attorney who has represented numerous individuals in Coverdale's position.

Aside from the lack of record evidence, Coverdale's ineffective assistance of counsel claim fails as a matter of law. Since state revocation of probation hearings are not a 'critical stage' of a criminal prosecution, there is no federal constitutional right to counsel. *See Gagnon v. Scarpelli,* 411 U.S. 756, 787 (1973); *see also United States v. Barnhart,* 980 F.2d 219, 222 (3d. Cir1992) (finding that revocation of probation 'does not result in a loss of liberty' since defendant has been adjudged guilty and is already under supervision). Therefore, violation of probation hearings are subject to the minimum requirements of due process. *See Black v. Romano,* 471 U.S. 606, 612 (1985) (holding that basic requirements include a hearing, a neutral hearing body, written notice of claimed violations, disclosure of evidence, an opportunity to testify, an opportunity to confront witnesses and, in some cases, the assistance of counsel).

After requesting counsel, alleged probation violators only have a right to an attorney when they have a timely and colorable claim that (1) they have not committed the alleged violation of the conditions of probation, or (2) that even if the violation is uncontested, there are substantial justifiable or mitigating reasons that make revocation inappropriate and the reasons are complex or otherwise difficult to develop or present. *See Gagnon,* 411 U.S. at 790.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

*6 Although Coverdale presumably timely requested representation for the January 23, 1998 revocation hearing, he has not satisfied the aforementioned test for when counsel is constitutionally required in probation revocation hearings. First, Coverdale plead guilty to violating his probation and does not now contest his guilt. Thus, he has not-and cannot-raise a colorable claim of innocence. Second, reading the petition liberally, it appears that Coverdale argues that counsel was necessary for plea negotiations and to appeal his case. Deciding whether to plea or appeal are relatively straightforward decisions and do not otherwise mitigate the conviction.[FN14] Since Coverdale did not have a constitutional right to an attorney at his probation revocation hearing, his claims of ineffective assistance of counsel do not present a basis upon which the court can grant habeas relief. *See Tillett v. Freeman,* 868 F.2d 106, 108 (3d Cir.1989) (finding that claim of ineffective assistance of counsel in state post-conviction hearing does not arise under the federal constitution); *see also* 28 U.S.C. § 2254(a) (stating that district court can only entertain a petition for writ of habeas corpus if petitioner is in custody pursuant to state court judgment in violation of federal constitution or laws or treaties of the United States). Therefore, the court will dismiss Coverdale's third claim in his petition for a writ of habeas corpus.[FN15]

> FN14. This fact is self evident since only defendants can decide whether to accept a plea or appeal their case. Although defendants often seek the advice of counsel, many defendants make these decisions without the assistance of an attorney.

> FN15. Obviously, since Coverdale did not have a right to counsel at the revocation hearing it is unnecessary for the court to engage in the cause and prejudice analysis necessary for a finding of ineffective assistance of counsel.

C. Certificate of Appealability

Upon consideration of Coverdale's petition and his objection to the respondents' answer, the court finds that Coverdale has not made a substantial showing of a denial of a constitutional right. Further, the court finds that the constitutional issues raised in the petition are not debatable among jurists of reason, adequate to receive encouragement to proceed further, or capable of being resolved in a different manner. *See, e.g., Morris v. Horn,* 187 F .3d 333, 339 (3d Cir.1999) (citing 28 U.S.C. § 2253(c)(1)(A) ).

V. CONCLUSION

For the reasons set forth above, the court finds that Coverdale's claims for habeas corpus relief under 28 U.S.C. § 2254 are either procedurally barred or otherwise fail on the merits. Therefore, the court will dismiss Coverdale's petition for habeas corpus relief with prejudice and deny the writ. Additionally, the court finds no basis upon which to issue a certificate of appealability. The court will issue an order in conjunction with this opinion.

D.Del.,2000.
Coverdale v. Snyder
Not Reported in F.Supp.2d, 2000 WL 1897290 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "E"

Westlaw.

Not Reported in F.Supp.

Not Reported in F.Supp., 1996 WL 534877 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

**H**
Briefs and Other Related Documents
Kennedy v. Richard KearneyD.Del.,1996.Only the
Westlaw citation is currently available.
United States District Court, D. Delaware.
John B. KENNEDY, Jr., Petitioner,
v.
Richard KEARNEY, Warden, Sussex Correctional
Institution and M. Jane Brady, Attorney General of
the State of Delaware, Respondents.
**Civ. A. No. 95-613-SLR.**

Sept. 11, 1996.

John B. Kennedy, Jr., petitioner, *pro se.*
Timothy J. Donovan, Jr., Esquire, Deputy Attorney
General, Delaware Department of Justice,
Wilmington, Delaware, attorney for respondents.

MEMORANDUM OPINION
SUE L. ROBINSON, District Judge.

I. INTRODUCTION

*1 On January 9, 1992, petitioner was sentenced to
a twenty year term of imprisonment after pleading
guilty to one count of first degree unlawful sexual
intercourse. In his application for federal habeas
corpus relief, presently pending before this court, he
claims that his plea was not intelligently and
voluntarily made and that the assistance he received
from counsel was constitutionally deficient.
Respondents have filed their answer, claiming that
petitioner's claims are barred by his unexcused
procedural default in presenting his claims to the
state courts. For the reasons discussed below, the
court will deny the requested relief and dismiss the
petition.

II. BACKGROUND

In May 1991, a grand jury indicted petitioner on

nine separate felony counts related to the sexual
molestation of petitioner's daughter over a period of
three years. (D.I. 3 at Ex. C) Petitioner appeared in
Superior Court on January 9, 1992, for the purpose
of pleading guilty to one of the counts of the
indictment. In exchange for petitioner's guilty plea,
the State agreed to dismiss the other felony counts
as well as charges of lewdness, indecent exposure,
assault, and endangering the welfare of a child
which were pending against petitioner in Family
Court. (D.I. 3 at Ex. A3)

Before the plea colloquy began, petitioner's counsel
notified the court that, due to petitioner's illiteracy,
counsel had filled out the relevant forms for
petitioner and had explained them to him. (D.I. 3 at
Ex. A3-A4) In response to the court's questions,
petitioner indicated that he wished to enter a guilty
plea, that he understood the consequences of
waiving a jury trial, and that he was aware of the
range of penalties he could receive. (D.I. 3 at Ex.
A4-A7) Petitioner stated, regarding his attorney, "
He explained everything to me, went over
everything.... He read everything over with me and
my wife, went over everything real good, so I
understand what I was doing." (D.I. 3 at Ex.
A5-A6) Based on petitioner's responses, the court
stated its finding that petitioner's plea was "
knowingly, intelligently and voluntarily made."
(D.I. 3 at Ex. A10) The court sentenced petitioner
to a twenty-year term of incarceration, fifteen of
which were to be mandatory. (D.I. 3 at Ex. A13)

In November 1994, petitioner filed a Rule 61
postconviction motion, in which he claimed that his
representation by counsel had been deficient, that
his guilty plea was defective, and that the warrant
for his arrest had been based on false information.
(D.I. 3 at Ex. D) The Superior Court denied the
motion on the merits. (D.I. 3 at Ex. E) Petitioner
did not appeal.

Petitioner filed a second Rule 61 motion in Superior
Court on January 17, 1995. (D.I. 3 at Ex. D) In that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp., 1996 WL 534877 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

motion, petitioner restated the grounds he had raised in his first motion for postconviction relief.
The court denied the motion on procedural grounds, pursuant to Rule 61(i)(4), which provides:
Any ground for relief that was formerly adjudicated, whether in the proceeding leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

**\*2** Because each of petitioner's claims had been adjudicated in his previous Rule 61 motion, the court denied the second motion. (D.I. 3 at Ex. E) Petitioner appealed, and the Delaware Supreme Court affirmed. *Kennedy v. State,* No. 39, 1995 (Del. July 25, 1995).

### III. DISCUSSION

#### A. Exhaustion Requirement

Before the court can review petitioner's claims, the court must ascertain whether petitioner has exhausted all available state remedies. 28 U.S.C. § 2254(b). In making this determination, the court should inquire as to whether there is an "absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must have raised in the state courts the factual and legal premises of the claims for relief he asserts in the federal proceeding. *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir.1986).
"It is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." The claim must be substantially equivalent to that litigated in the state court. Both the legal theory and the facts supporting a federal claim must have been submitted to the state court.

*O'Halloran v. Ryan,* 835 F.2d 506, 508 (3d Cir.1987) (citations omitted).

In the petition presently before the court, plaintiff

has presented two grounds for relief: 1) ineffective assistance of counsel; and 2) a defective guilty plea. Petitioner has previously raised precisely the same claims before the state courts. His state remedies, therefore, are exhausted.

#### B. Procedural Default

The Delaware Supreme Court did not have an opportunity to rule on the merits of petitioner's claims because he failed to appeal the Superior Court's denial of his first postconviction motion. Petitioner's second postconviction motion was denied on procedural grounds. When petitioner appealed the denial of the second motion, the Delaware Supreme Court was barred from reaching the merits by Rule 61(i)(4).

Allowing applicants for federal habeas corpus relief to proceed in federal court where, as here, their own default is responsible for the absence of available state remedies would undermine the principles of comity and federalism that underlie the exhaustion requirement. *Coleman v. Thompson,* 501 U.S. 722 (1991). The United States Supreme Court has held that a state court ruling resting on an independent and adequate state procedural ground will bar federal review absent a showing of cause for and prejudice from the default. *Wainwright v. Sykes,* 433 U.S. 72, 81-82 (1977). The state courts' application of Rule 61(i)'s procedural default provision is a "plain statement" under *Harris v. Reed,* 489 U.S. 255 (1989), that the state court decisions rest on independent state grounds. Rule 61(i)(4) and similar rules in other states have also been held adequate to bar federal review under *Wainwright. See Bond v. Fulcomer,* 864 F.2d 306 (3d Cir.1989); *Beatty v. Patton,* 700 F.2d 110, 112-13 (3d Cir.1983); *Woodlin v. Snyder,* C.A. No. 95-138-JJF (D.Del. June 16, 1995).

**\*3** Because the state courts based their denial of petitioner's postconviction motion on an independent and adequate state procedural ground, this court may not consider the merits of petitioner's ineffective assistance of counsel claim unless he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                 Page 3

Not Reported in F.Supp., 1996 WL 534877 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

federal law, or demonstrate that failure to consider the claims[ ] will result in the fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The Supreme Court has held that " 'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him...." *Id.* at 753, *citing Murray v. Carrier,* 477 U.S. 478, 488 (1986) (emphasis in original).

Petitioner seeks to explain his failure to appeal the denial of his first postconviction motion by stating that the trial court refused to supply him with a free transcript "to verify facts." (D.I. 2) As a result, petitioner contends, the Superior Court dismissed his motion in a summary fashion without benefit of the record of petitioner's plea. Petitioner does not explain why the lack of a transcript, while not deterring him from filing a Rule 61 motion in Superior Court, would prevent him from appealing the denial of that motion. As respondents point out, if petitioner believed that the decision to deny him the transcript was erroneous, or that the lack of a transcript caused the wrongful dismissal of his postconviction motion, he had all the more reason to file an appeal. Petitioner's explanation, therefore, does not constitute cause. Because petitioner has failed to show cause for his default, it is not necessary for this court to address the issue of prejudice.

Petitioner also contends that the state courts should have excused his procedural default "in the interest of justice," and that their failure to do so constitutes a "substantial miscarriage of justice." (D.I. 10) Where a petitioner has defaulted his state remedies and has not demonstrated cause and prejudice, a federal court may entertain a petition for habeas corpus only if the petitioner makes a showing of " actual innocence." *Sawyer v. Whitley,* 112 S.Ct. 2514, 2519 (1992); *Murray,* 477 U.S. at 496. Petitioner has made no claim that he is actually innocent, and has articulated no facts that would support such a claim. His procedural default, therefore, is not excused.

IV. CONCLUSION

For the reasons set forth above, the court will dismiss the application for habeas corpus relief and deny the writ of habeas corpus. An appropriate order will be entered.

D.Del.,1996.
Kennedy v. Richard Kearney
Not Reported in F.Supp., 1996 WL 534877 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:95CV00613 (Docket) (Oct. 13, 1995)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "F"

Westlaw.

Not Reported in F.Supp.2d                                                                Page 1

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Elliott v. KearneyD.Del.,2004.Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Curtis ELLIOTT, Petitioner,
v.
Rick KEARNEY, Warden, Respondent.
**No. Civ.A. 02-205-KAJ.**

March 31, 2004.

Curtis Elliott, Petitioner, pro se.
Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for Respondent.

MEMORANDUM OPINION
JORDAN, J.

I. INTRODUCTION

*1 Petitioner Curtis Elliott is presently incarcerated at the Delaware Correctional Facility ("D.C.C.") in Smyrna, Delaware. On March 18, 2002, Elliott filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, acting *pro se.* (D.I.1.) He has also filed a letter motion for the appointment of counsel and DNA testing, a motion for summary judgment, and a motion for issuance of the writ pursuant to 28 U.S.C. § 2243. (D.I. 37; D.I. 47; D.I. 55.) For the reasons set forth below, the Court will deny Elliott's petition. (D.I.1.) The Court will also deny his motions as moot. (D.I. 37; D.I. 47; D.I. 55.)

II. PROCEDURAL AND FACTUAL
BACKGROUND

On April 13, 2000, Elliott attacked Desiderio S. Perez with a knife. Consequently, Elliott was charged by information in the Delaware Superior Court with four offenses: possession of a deadly weapon during the commission of a felony, second

degree assault, possession of a deadly weapon by a person prohibited, and misdemeanor theft. On October 26, 2000, Elliott, represented by counsel, pled guilty to second degree assault. In return, the State entered a *nolle prosequi* as to the remaining three charges.

On December 8, 2000, the Delaware Superior Court sentenced Elliott to eight years incarceration, suspended after four years for decreasing levels of probation. Elliott did not file a direct appeal. *See Elliott v. State,* No. 270, 2001, Order at ¶ 3 (Del. Aug. 23, 2001).

On April 17, 2001, Elliott filed his first motion for state post-conviction relief pursuant to Superior Court Criminal Rule 61, alleging ineffective assistance of counsel. (D.I. 13, Ex. G to State's Motion to Affirm in No. 270, 2001.) The Superior Court denied the motion on April 27, 2002. Elliott never appealed. (D.I. 13, Ex. H to State's Motion to Affirm in No. 270, 2001.)

In May 2001, Elliott filed a second Rule 61 motion. (D.I. 13, Exs. I and J to State's Motion to Affirm in No. 270,2001.) The Superior Court denied the motion, and the Delaware Supreme Court affirmed this decision on appeal. *See Elliott v. State,* No. 270,2001 (Del. Aug. 23, 2001); (D.I. 13, Ex. A to State's Motion to Affirm in No. 270,2001.)

The Delaware Superior Court denied Elliott's third Rule 61 motion. This decision was affirmed on appeal. *Elliott v. State,* No. 554, 2001 (Del. Feb. 4, 2002).

Currently before the Court is Elliott's petition for the federal writ of habeas corpus.

III. LEGAL PRINCIPLES GOVERNING
EXHAUSTION AND PROCEDURAL DEFAULT

A federal district court may consider a habeas

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

**\*2** (A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). However, a state can expressly waive the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(3).

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at \*2 (D.Del. Dec. 22, 2000). However, if the petitioner raised the issue on direct appeal in the correct procedural manner, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1996); *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines,* 208 F.3d at 160; *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S.

288, 297-98 (1989). Although deemed exhausted, such claims are still considered to be procedurally defaulted. *Lines,* 208 F.3d at 160. In addition, where a state court refuses to consider a petitioner's claims because he failed to comply with an independent and adequate state procedural rule, his claims are deemed exhausted but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255 263 (1989); *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

**\*3** Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). In order to demonstrate a miscarriage of justice, the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). A petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

## IV. DISCUSSION

Elliott filed his habeas petition and supporting memorandum on March 18, 2002. [FN1] (D.I. 1; D.I.2.) He contends that his defense attorney provided ineffective assistance of counsel by failing to conduct DNA testing on the "alleged deadly weapon." (D.I. 1 at 5.) The State properly acknowledges that Elliott exhausted state remedies by presenting this argument to the Delaware Supreme Court in his second and third post-conviction appeals. *See* Op. Br. In No. 270, 2002 at 10; *Smith v. Digmon,* 434 U.S. 332, 333 (1978); *Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

> FN1. Since then, Elliott has filed numerous documents in support of his petition, either titled as traverses, memoranda in support, or even an amended petition. (D.I.29; D.I. 35; D.I. 38; D.I. 39; D.I. 41; D.I. 44). To the extent these documents merely support and expand the original ineffective assistance of counsel claim, the Court will consider them in its review.

A finding of exhaustion does not end the Court's inquiry, however, because a federal habeas court " must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer,* 864 F.2d 306, 310 (3d Cir.1989). Here, the State asks the Court to dismiss Elliott's petition as procedurally barred by the independent and adequate state law ground of Delaware Superior Court Criminal Rule 61(i)(2). (D.I. 10 at 2-4.)

The procedural default issue arises because Elliott did not raise his current ineffective assistance/DNA argument [FN2] in his first post-conviction motion. Instead, Elliott's first post-conviction motion alleged that his defense counsel provided ineffective assistance of counsel by not raising the issue of a conflict of interest between Elliott and the judge. (D.I. 13, Ex. & Ex. H to the State's Motion to Affirm in No. 270,2001.) On April 27, 2001, the Superior Court denied this claim on the merits. (D.I.

13, Ex. H to the State's Motion to Affirm in No. 270,2001.)

> FN2. For ease of discussion, the Court will refer to Elliott's present ineffective assistance claim in this manner.

When Elliott did raise his ineffective assistance/DNA argument in his second post-conviction motion, the Superior Court denied the claim as procedurally barred under Rule 61(i)(2) . Specifically, Elliott's failure to raise the issue in the first post-conviction motion barred him from raising it in his second post-conviction motion.[FN3] (D.I.13, Ex. A.) On appeal, the Delaware Supreme Court affirmed this decision, stating that "[t]o the extent Elliott's motion included claims that were not made in his previous postconviction motion, the motion was procedurally barred as repetitive [under Super. Ct.Crim. R. 61(i)(2) ]." *Elliott v. State,* No.270, 2001, Order at ¶ 4 & n. 5 (Del. Aug. 23, 2001).

> FN3. The Superior Court also concluded that Elliott's claim did not satisfy the " interest of justice" exception to procedural default. (D.I. 13, Ex. A to State's Motion to Affirm in No. 270,2001.)

**\*4** By applying the procedural bar of Rule 61, the Delaware Supreme Court articulated a "plain statement," under *Harris v. Reed,* 489 U.S. 255, 263-64 (1989), that its decision rested on state law grounds. *See Ylst v. Nunnemaker,* 501 U.S. 797 (1991). This Court has repeatedly held that Rule 61(i)(2) constitutes an independent and adequate state procedural rule precluding federal habeas review. *Kirk v. Carroll,* 243 F.Supp.2d 125, 145 (D.Del.2003); *Maxion v. Snyder,* 2001 WL 848601, at \*12 (D.Del. July 27, 2001); *Carter v. Neal,* 910 F.Supp. 143, 149-50 (D.Del.1995). As such, federal habeas review of this claim is precluded unless Elliott establishes cause for the default and prejudice resulting therefrom, or that a miscarriage of justice will result if the Court refuses to hear this claim. *See* 28 U.S.C. § 2254(a); *Coleman v.. Thompson,* 501 U.S. 722, 750 (1991); *Caswell v.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

*Ryan,* 953 F.2d 853, 860-61 (3d Cir.1992).

Elliott alleges that, during the plea colloquy, the Delaware Superior Court and his attorney told him he could not appeal his guilty plea. He contends that this information prevented him from including the ineffective assistance/DNA argument in his first post-conviction motion.[FN4] (D.I.29.) In effect, Elliott is asserting that his counsel's statement and the Superior Court's statement regarding his right to appeal were an external factor constituting cause for his procedural default. However, Elliott has failed to demonstrate how this statement regarding an appeal prevented him from raising the ineffective assistance/DNA argument in his first post-conviction motion.

> FN4. To the extent Elliott argues that these statements constitute cause for his failure to raise this claim on appeal, the argument fails. In Delaware, ineffective assistance of counsel claims should not first be brought on direct appeal, but rather, in a Rule 61 motion for post-conviction relief. *Williams v. State,* 682 A.2d 627, at * *3 (Del.1996) (collecting cases). Any information regarding his right to appeal had no effect on his ability to bring a Rule 61 motion.

His contention is even more puzzling because the statement regarding his right to appeal obviously did not prevent him from filing the post-conviction motion in the first place. Moreover, despite his repetitive assertions that he is not a lawyer and does not understand the law, a lack of legal knowledge does not constitute cause for procedural default.[FN5] *See Cristin v. Brennan,* 281 F.3d 404, 420 (3d Cir.2002) ("cause cannot be based on the mere inadvertence of the petitioner ... to take an appeal"); *Desmond v. Snyder,* 1999 WL 33220036, at *19 (D.Del. Nov. 16, 1999).

> FN5. To the extent Elliott is alleging his counsel's ineffective assistance as cause for his failure to raise the issue in his first post-conviction motion, this contention fails. Ineffective assistance of counsel can

only constitute cause for a procedural default if it rises to the level of a Sixth Amendment violation. *See Murray v. Carrier,* 477 U.S. at 488. Elliott had no right to representation during his post-conviction proceeding. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). His counsel's alleged failure to inform him of his right to raise issues in a Rule 61 motion therefore cannot establish cause for his procedural default. *Coleman,* 501 U.S. at 152; *Cristin,* 281 F.3d at 420.

Further, Elliott has not demonstrated actual prejudice resulting from his attorney's failure to provide DNA testing.[FN6] He argues that prejudice is shown by the fact that he would not have pled guilty if his attorney had done the DNA testing because such testing would have established his innocence. *See generally Hill v. Lockhart,* 474 U.S. 52, 60 (1985) (in a guilty plea context, petitioner must demonstrate how the errors of counsel undermined his decision to plead guilty). However, this conclusory statement does not demonstrate actual prejudice. "Mere allegations by a defendant that he would have ple[d] differently and insisted on going to trial are insufficient to establish prejudice." *Werts v. Vaughn,* 228 F.3d at 193; *Thomas v. Snyder,* 2001 WL 1297812, at *4 (D.Del. Oct. 3, 2001).

> FN6. Upon finding that Elliott has not established cause for his procedural default, the Court need not reach the question of whether he has shown any actual prejudice. *See Coleman,* 501 U.S. at 752, 757; *Smith v. Murray,* 477 U.S. 527, 533 (1986). However, because Elliott has submitted numerous documents addressing the procedural default issue, the Court will address the prejudice issue.

*5 Moreover, the fact that Elliott derived substantial benefits from pleading guilty increases his burden in establishing prejudice. In exchange for his plea, the State dropped three charges: possession of a deadly weapon during the commission of a felony, possession of a deadly

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

weapon by a person prohibited, and misdemeanor theft. If a jury convicted Elliott of these charges, he would have faced a jail term significantly greater than his eight year sentence.

Finally, to the extent Elliott argues that his attorney's failure to provide DNA testing prejudiced him because he entered his plea involuntarily, this argument fails. Elliott himself acknowledges that he knew prior to accepting the plea that his counsel had not conducted DNA testing on the weapon. However, he still decided to plead guilty. The Superior Court engaged in a thorough plea colloquy, affording Elliott numerous occasions to reject the the plea agreement. If, as Elliott now claims, he was dissatisfied with his attorney's failure to provide DNA testing, he could have mentioned this fact at the plea colloquy. Yet, Elliott told the Superior Court that he was satisfied with his legal representation. (D.I. 13, Ex. F at 6 to State's Motion to Affirm in No. 270,2001.) Elliott is bound by these statements made under oath in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-4 (1997); *Lesko v. Lehman*, 925 F.2d 1527, 1537 (3d Cir.1991).

The only other way for the Court to excuse Elliott's procedural default is under the "miscarriage of justice exception." Pursuant to this exception, a court may excuse a procedural default if the petitioner demonstrates actual innocence. *See Murray*, 477 U.S. at 496. However, the " miscarriage of justice" exception applies only in " extraordinary cases." *See Coleman*, 501 U.S. at 749.

As explained above, the record demonstrates that Elliott knowingly and voluntarily entered his guilty plea. Indeed, Elliott specifically stated that he did, in fact, assault the victim with a knife. (D.I. 13, Ex. F at 5 to State's Motion to Affirm in No. 270,2001.) This "[s]olemn declaration in open court carr[ies] a strong presumption of verity" which is not overcome by Elliott's unsubstantiated claims of actual innocence. *Blackledge*, 431 U.S. at 73-74. As such, his assertions fail to demonstrate that the Court's refusal to review this claim will result in a fundamental miscarriage of justice.

In short, the Court concludes that Elliott has failed

to provide a reason excusing his procedural default. Accordingly, his federal habeas petition will be dismissed as procedurally barred.

## V. MOTIONS

In addition to his habeas petition, Elliott has filed three motions: a letter motion for the appointment of counsel and DNA testing, a motion for summary judgment, and a motion for issuance of the writ pursuant to 28 U.S.C. § 2243. (D.I. 37; D.I. 47; D.I. 55.)

It is well settled that a petitioner does not have a Sixth Amendment right to counsel in a habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Roberson*, 194 F.3d 408, 415 n. 5 (3d Cir.1999). However, a district court may appoint counsel to represent an indigent habeas petitioner "if the interest of justice so requires." Rule 8(c), 28 U.S.C. *foll.* § 2254. As explained above, the Court is dismissing Petitioner's § 2254 petition. In these circumstances, the " interests of justice" do not require the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B). Thus, the Court will deny this motion, and his concurrent request for DNA testing, as moot.

*\*6* Similarly, because the Court has reviewed Elliott's habeas petition and has concluded that federal habeas review is procedurally barred, the Court will deny Elliott's motions for summary judgment and for issuance of the writ under 28 U.S.C. § 2243 as moot.

## VI. CERTIFICATE OF APPEALABILITY

Finally, this Court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a " substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner establishes a "substantial showing" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

U.S. 473, 484 (2000).

Additionally, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Court concludes that Elliott's claims are procedurally barred. Reasonable jurists would not find this conclusion unreasonable. Consequently, Elliott has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.

### VII. CONCLUSION

For the foregoing reasons, the Court will deny Elliott's § 2254 petition, and finds no basis for the issuance of a certificate of appealabilty. An appropriate order will follow.

### ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:
1. Curtis Ellliot's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.1.) is DENIED.
2. Curtis Elliott's motion for the appointment of counsel and DNA testing is DENIED as moot. (D.I.37.)
3. Curtis Elliott's motion for summary judgment is DENIED as moot. (D.I.47.)
4. Curtis Elliott's motion for issuance of the writ under 28 U.S .C. § 2243 is DENIED as moot.

(D.I.55.)
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

D.Del.,2004.
Elliott v. Kearney
Not Reported in F.Supp.2d, 2004 WL 724958 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2006, I electronically filed the attached

documents with the Clerk of Court using CM/ECF. I also hereby certify that on

November 9, 2006, I have mailed by United States Postal Service, the same documents to

the following non-registered participant:

Tyrone Guinn
SBI No. 00375731
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ James T. Wakley
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4612
james.wakley@state.de.us

Date: November 9, 2006