IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TYRONE GUINN,)
)
    Petitioner,)
)
v.) Civ. Action No. 06-468-***
)
THOMAS CARROLL,)
Warden, and JOSEPH R.)
BIDEN, III, Attorney)
General of the State of)
Delaware,)
)
    Respondents.[1])

**O R D E R**

At Wilmington this 9 day of July, 2007;

IT IS ORDERED that:

Petitioner Tyrone Guinn's motion for the appointment of counsel is DENIED without prejudice to renew. (D.I. 36)

Petitioners do not have an automatic constitutional or statutory right to representation in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). A court may, however, seek legal representation for a petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's]

---

[1] Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. *See* Fed. R. Civ. P. 25(d)(1).

probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

Here, Guinn seeks the appointment of counsel because he is incarcerated, he has limited access to the law library, and he is unskilled in the law. However, after reviewing Guinn's motion and the documents filed in the instant proceeding, the court conclude that the "interests of justice" do not warrant the appointment of counsel at this time. Although incarceration does limit Guinn's ability to investigate the facts and law of his case, Guinn does, in fact, have access to the prison law library. Further, the court does not believe that this case is, at present, so factually or legally complex that it requires the appointment of counsel. Guinn's claims appear to be fairly "straightforward and capable of resolution on the record," and Guinn appears to have a sufficient understanding of these issues to coherently present his case. *Parham v. Johnson*, 126 F.3d 454, 460 (3d Cir. 1997)(citations omitted). It also does not appear that expert testimony will be necessary or that the ultimate resolution of the petition will depend upon credibility determinations.

Honorable Mary Pat Thynge
U.S. Magistrate Judge

2